UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KAREN M. KEESECKER,

        Plaintiff,

v.

Case Number 03-10039-BC
Honorable David M. Lawson

MIDLAND COUNTY EDUCATIONAL
SERVICE AGENCY,

        Defendant.

_____/

**ORDER OVERRULING PLAINTIFF'S AND DEFENDANT'S OBJECTIONS
TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
ADOPTING REPORT AND RECOMMENDATION IN PART,
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND
SETTING STATUS CONFERENCE DATE**

The plaintiff, Karen M. Keesecker, was employed for over eleven years by the defendant as a school social worker. She was fired by the defendant's school board on the recommendation of her superior, superintendent William McKinstry, in June 2002, shortly after she turned fifty-six years old. The defendant lists job-related reasons for the termination, but the plaintiff contends in an amended complaint filed in this Court that the defendant discriminated against her on account of her age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* After a period of discovery was conducted, the defendant moved for summary judgment under Federal Rule of Civil Procedure 56. That motion was referred to Magistrate Judge Charles E. Binder under 28 U.S.C. § 636(b)(1)(B), who filed a report recommending that the motion be denied. The plaintiff and defendant both filed timely objections, and the Court has conducted a *de novo* review. The Court now finds that the magistrate judge correctly concluded that the plaintiff failed to produce direct evidence of discrimination, she established a *prima facie* case on her way to proving

discrimination by circumstantial evidence, and fact issues on the question of whether the defendant's claimed legitimate reasons for the termination were in fact a pretext for illegal discrimination precludes summary judgment. The magistrate judge also suggested alternate theories of constructive discharge and retaliation under the Equal Protection Clause that apparently were raised by the plaintiff at oral argument of the motion before the magistrate judge. However, because the plaintiff has not formally moved to amend her complaint, and there are questions of delay and prejudice to the defendant that must be considered in whether to allow such an amendment, the Court will not entertain the additional theories absent a written motion, to which the defendant would have an opportunity to respond. The Court will overrule the plaintiff's and defendant's objections, adopt the report in part and the recommendation, deny the motion for summary judgment, and schedule a status conference.

I.

The facts and procedural history of the case are set forth in great detail in the magistrate judge's report. Neither party takes issue with those portions of the report, although both parties contest the conclusions drawn from the facts, which the Court will discuss below. The Court finds that the magistrate judge's recitation faithfully tracks the record as presented to him by the parties, and therefore the Court adopts it here.

The magistrate judge concluded that: (1) the plaintiff produced direct evidence of discrimination by the defendant; (2) the plaintiff did not establish all four elements of her *prima facie* case, including the element that the plaintiff was replaced by a younger person, as she must when proof of illegal motive rests on circumstantial evidence; (3) the plaintiff established a material fact dispute on the question of whether the defendant's admittedly legitimate bases for firing her

were a pretext for discrimination; and (4) the plaintiff offered additional theories for recovering against the defendant that were based on constructive discharge and retaliation for exercising her First Amendment right to speak out about her treatment by the defendant, which violates the Equal Protection Clause.

The plaintiff objects to the magistrate judge's conclusion that the record does not contain direct evidence of discrimination. The defendant objects to the finding that the plaintiff satisfied the fourth element of her *prima facie* case that she was replaced by a younger person. The defendant also vociferously contests the conclusion that the record presents a contested fact question on the issue of whether its several listed reasons for terminating the plaintiff's employment could be considered a pretext that masked its illegal discriminatory intent to fire the plaintiff based on her age.

## II.

### A.

The magistrate judge recognized that the plaintiff's ultimate burden when bringing a discrimination or retaliation claim under the ADEA is proving that her employer's motivation for taking adverse employment action was illegal, specifically in this case, that it was based on her age. *See Kline v. Tennessee Valley Auth.*, 128 F.3d 337, 348 (6th Cir. 1997). The least complicated way of proving an employer's illegal motive is by direct evidence. *Noble v. Brinker Intern., Inc.*, 391 F.3d 715, 721 (6th Cir. 2004) (holding that under Title VII and Section 1981, the plaintiff "may succeed . . . directly by persuading the court that a discriminatory reason more likely motivated the employer"). However, direct evidence of discrimination generally is hard to come by, since it requires the plaintiff to uncover an evidentiary admission that a person of influence in the

defendant's organization was biased – in this case on account of age – and that bias played a role in the adverse employment action. *See Johnson v. Kroger Co.*, 319 F.3d 858, 865 (6th Cir. 2003).

The plaintiff believes that McKinstry's statements to her, "You're old enough. You could retire," and "You should be ready to retire. Why aren't you retiring? You should go," coupled with his alleged statement, "I don't want you here, I'd fire you if I could," constituted direct evidence of discrimination. The magistrate judge disagrees because the evidence did not directly establish that McKinstry recommended the plaintiff's termination because of her age. The Court agrees.

The Court of Appeals for the Sixth Circuit has explained many times that "[d]irect evidence is that evidence, which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Kocak v. Cmty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 470 (6th Cir. 2005). It does not require the fact finder to draw any inferences to reach that conclusion. *See Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000). For example, proof of "a facially discriminatory employment policy or a corporate decision maker's express statement of a desire to [avoid hiring] employees in the protected group is direct evidence of discriminatory intent." *Ibid.* Evidence of discrimination is not considered direct evidence unless an illegal motivation is explicitly expressed. Moreover, "the plaintiff attempting to establish a claim of [age] discrimination using direct evidence must also point to an action or omission made with respect to the plaintiff's employment and connect the action to the discriminatory intent." *Birch v. Cuyahoga County Probate Court*, 392 F.3d 151, 172 (6th Cir. 2004) (Gibbons, J., concurring) (citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 241 (1989) (O'Connor, J., concurring)).

The evidence cited by the plaintiff established at most that the defendant's superintendent did not want the plaintiff in the district's employ, and he encouraged her to retire because she was

-4-

eligible to do so.  Viewing this evidence in the light most favorable to the plaintiff, as the Court must at this stage of the proceedings, *see Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003), the Court cannot conclude directly that the defendant's decisions concerning the terms and conditions of the plaintiff's employment was animated by age-based motivation.  There is no way short of drawing an inference that a fact finder could "connect the [job] action to the discriminatory intent" supposedly expressed by the repeated references to retirement eligibility.  Certainly an inference to that effect is justifiable.  But the evidence must establish the disputed point by itself without the need for an inference in order to be considered "direct evidence."

The testimony cited by the plaintiff is not direct evidence of an illegal motivation as to the defendant's job decisions regarding the plaintiff.  The plaintiff's objection, therefore, will be overruled.

B.

The defendant argues that the plaintiff's evidence came up short of the proof necessary to establish a circumstantial case of illegal discrimination because of the failure to construct a *prima facie* case and to create a material fact issue on pretext.  In considering whether the plaintiff proved a discriminatory motive by circumstantial evidence, the magistrate judge applied the familiar burden-shifting approach described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), in which the plaintiff must present a *prima facie* case, at which point the defendant must come forward with a legitimate, non-discriminatory reason for its action.  If the defendant can respond with such a reason for the adverse employment action, the plaintiff has the burden of offering evidence that the defendant's justification is a pretext that masks its true discriminatory intent.  *See Kline*, 128 F.3d at 342.  To establish a *prima facie* case for age discrimination under the ADEA, the

plaintiff must offer evidence that "(1) [s]he was at least 40 years old at the time of the alleged discrimination, (2) [s]he was qualified for the job, (3) [s]he suffered an adverse employment action, and (4) [s]he was replaced by someone substantially younger." *Browning v. Dep't of Army*, 436 F.3d 692, 695 (6th Cir. 2006) (citing *Bush v. Dictaphone Corp.*, 161 F.3d 363, 368 (6th Cir.1998)). "The prima facie case merely serves to raise a rebuttable presumption of discrimination by eliminating the most common nondiscriminatory reasons for the employer's treatment of the plaintiff, and not to satisfy the plaintiff's ultimate burden of persuasion." *Hollins v. Atlantic Co., Inc.*, 188 F.3d 652, 659 (6th Cir. 1999) (internal quotes, alterations, and citations omitted). Therefore, "[t]he burden of establishing a *prima facie* case in a[n employment] action is not onerous, but one easily met." *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir.2000); *see also Cline v. Catholic Diocese of Toledo*, 206 F.3d 651, 660 (6th Cir. 2000) (same) (quoting *Texas Dep't of Cmty Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

     The magistrate judge observed that the plaintiff easily satisfied the first three elements of her *prima facie* case: she was at least fifty-six years old at the time she was terminated, she met the education and certification requirements of the job and had received satisfactory evaluations, and her termination is undoubtedly an adverse employment action. The parties do not object to these conclusions. The defendant does object to the finding that a younger person replaced the plaintiff. It insists that the plaintiff was replaced by an older woman and then an older man.

     The defendant expends considerable time attempting to demonstrate that the person who ultimately replaced the plaintiff, thirty-two-year-old Jody Winters, was not actually her "replacement" for the purpose of the *prima facie* case. There were other employees hired that were members of the protected class who temporarily filled the position between the termination and

Winters's hiring. However, superintendent McKinstry testified at his deposition that these intermediate employees had been "hired in [sic] an interim basis because it takes quite a while to go through the hiring process." Pl.'s Br. In Opp'n Summ. J. Ex. 3, William McKinstry Dep. at 10 (Nov. 10, 2003). This testimony, along with the other evidence cited by the magistrate judge, creates a genuine issue of material fact that precludes summary judgment under Rule 56. Viewed in the light most favorable to the plaintiff, there is ample support for the conclusion that the plaintiff was, in fact, replaced by an employee substantially younger than her. The defendant's objection on this ground, therefore, will be overruled.

C.

The defendant asserts that the plaintiff was terminated for legitimate, non-discriminatory reasons, charging that the plaintiff failed to exhibit sufficient progress in response to a remediation plan developed on March 15, 2002, her conduct was unprofessional and/or insubordinate, and she failed to maintain a positive and efficient work environment. The magistrate judge concluded that the plaintiff offered sufficient evidence to raise a material fact question whether these reasons were a pretext for age discrimination. The defendant argues that its legitimate, non-discriminatory reasons for termination are well-documented and therefore not pretextual. It claims that it was empowered to control the plaintiff's schedule. The defendant also contends that the magistrate judge placed too much emphasis on the "satisfactory" performance reviews the plaintiff had received in the past, and not the "unsatisfactory" reviews she received along with her failure to meet deadlines or maintain a positive work environment. The defendant also contended at the motion hearing that the plaintiff's hours initially were cut from full time to half time in 1999 because of a lack of referrals, not because of her age.

The defendant's claimed legitimate, non-discriminatory reasons for terminating the plaintiff's employment, originally drafted by the superintendent and listed again in the MCESA Board of Education meeting minutes dated June 3, 2002, cite the following deficiencies that warranted termination:

> 1. Failure to exhibit sufficient progress with the March 15, 2002 Remediation Plan;
> 2. Unprofessional and/ or insubordinate conduct, including
>     a. Continued disregard and disrespect for authority;
>     b. Untimely submission of written requirements;
>     c. Failure to meet IEP-mandated SSW service requirements;
>     d. Failure to follow MCESA policies and procedures;
>     e. Failure to follow directive to return keys and student files.
> 3. Failure to maintain a positive and efficient work environment, including productive staff interactions.

Def.'s Mot. Summ. J. Ex. M, MCESA Bd. of Educ. Meeting Mins. (June 3, 2002) at 2. Later in the meeting minutes, it is recorded that the plaintiff denied all charges and offered the Board Members a written statement, although neither event is noted by the parties in their motions. *Ibid.* Number 2(e) was resolved prior to the meeting as stipulated by both parties. *Ibid.*

A plaintiff can demonstrate pretext "by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct." *Johnson*, 319 F.3d at 866. The Sixth Circuit has expounded on these three methods as follows:

> The first type of showing is easily recognizable and consists of evidence that the proffered bases for the plaintiff's discharge never happened, i.e., that they are "factually false." . . . The third showing is also easily recognizable and, ordinarily, consists of evidence that other employees, particularly employees not in the protected class, were not fired even though they engaged in substantially identical conduct to that which the employer contends motivated its discharge of the plaintiff. These two types of rebuttals are direct attacks on the credibility of the employer's proffered motivation for firing plaintiff and, if shown, provide an evidentiary basis for what the Supreme Court has termed "a suspicion of mendacity." [*St. Mary's Honor Ctr. v.* ] *Hicks*, 509 U.S. at 511, 113 S. Ct. at 2749. As *Hicks* teaches, such

> a showing permits, but does not require, the factfinder to infer illegal discrimination from the plaintiff's prima facie case.
>
>   The second showing, however, is of an entirely different ilk.  There, the plaintiff admits the factual basis underlying the employer's proffered explanation and further admits that such conduct could motivate dismissal.  The plaintiff's attack on the credibility of the proffered explanation is, instead, an indirect one.  In such cases, the plaintiff attempts to indict the credibility of his employer's explanation by showing circumstances which tend to prove that an illegal motivation was *more* likely than that offered by the defendant.  In other words, the plaintiff argues that the sheer weight of the circumstantial evidence of discrimination makes it "more likely than not" that the employer's explanation is a pretext, or coverup.

*Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994).  The plaintiff denies the truth of the defendant's grounds for termination, which suggests reliance on the first method of showing pretext.  Specifically, the plaintiff contends that she never threw a memo at her supervisor, but her supervisor threw a memo at her.  Pl.'s Br. In Opp'n Mot. Summ. J. Ex. 6, Karen Keesecker Aff. at ¶ 13 (May __, 2004).[1]  The plaintiff also claims she completed the reports requested by her supervisor and complied with the directions contained in a memo dated December 4, 2001, contrary to the allegations of her supervisor.  *Id.* at ¶ 12.  The plaintiff also argues that she received the highest available rating in areas including "Planning and Preparation," "Instruction," "Student Relationships," "Professionalism," and "Interpersonal Relationships."  Pl.'s Br. In Opp'n Mot. Summ. J. Ex. 4, Professional Level Evaluation Narrative Summs.  The record also contains evidence that she received satisfactory ratings after the Administrative Directive in the year 2000.  Also noteworthy is that the plaintiff's hours were cut from full-time to part-time in 1999, when she was receiving these high ratings.  Taken in the light most favorable to the plaintiff, the evidence establishes a genuine factual issue as to whether the defendant's proffered reasons were in fact true.

---

[1] The affidavit in the official record has not been signed or dated.  The plaintiff is directed to remedy that oversight immediately.

But even if the reasons stated by the defendant are not adequately rebutted so as to conclude that they have no basis in fact, they become illuminating when the other two means of showing pretext are considered.

Moreover, the plaintiff has offered ample information in her affidavits, motions, and pleadings about the asymmetry between the defendant's proffered reasons for firing the plaintiff and the events surrounding the adverse employment to permit a reasonable jury to determine that the defendant intentionally discriminated against the plaintiff on account of her age. As is noted by the Supreme Court in *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993), there is no requirement that the defendant disclose the actual reasons for its adverse employment action, but when the defendant proffers something besides the full story, it does so at its own risk:

> The defendant need not persuade the court that it was actually motivated by the proffered reasons. . . . The presumption, having fulfilled its role of forcing the defendant to come forward with some response, simply drops out of the picture. The defendant's "production" (whatever its persuasive effect) having been made, the trier of fact proceeds to decide the ultimate question: whether plaintiff has proven that the defendant intentionally discriminated against him because of his race. . . . The factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show intentional discrimination. Thus, rejection of the defendant's proffered reasons will *permit* the trier of fact to infer the ultimate fact of intentional discrimination.

*Hicks*, 509 U.S. at 510-11 (internal quotes, alterations, and citations omitted). The plaintiff argues that her replacement, who served in the same position the plaintiff formerly occupied, was not required to adhere the same, rigorous standards to fulfill her employment obligations. Jody Winters testified:

> Q: Does Mark Moody require that you submit weekly reports as a social worker?
> A: Weekly reports of what?

> Q: Of the children under your - all right. Now does Mark Moody require that you provide written reports for the services you provide to certain students that are assigned to you?
> A: That are assigned to me. Well, we have different ways, we don't necessarily do them weekly.
> Q: Do you do some of them on a weekly basis, you know, some weekly reports?
> A. Other than some - for children that I'm seeing, no.
> . . . .
> Q: Have you ever had to do written reports on a weekly basis for IEP services?
> A: Just depends. There are some children that I see that according to their IEP maybe a parent has requested or the staff of the IEP has just decided like every week or like every six weeks we do like a progress report. So I am writing on everyone, I'm writing on them, each child yes. It may not be weekly, but they do get written.
> . . . .
> Q: I want to make sure I'm clear. Has anyone ever told you you have to be here at 8:30 or is that when everyone comes?
> A: No. I remember asking what are your hours of operation type of thing and it was 8:30 to 3:30, but I mean there's a lot of flexibility to that, but generally 8:30 to 3:30.

Pl.'s Br. In Opp'n Summ. J. Ex.2, Jody Winters Dep. at 17-21 (Nov. 10, 2003). These statements, along with those made by the superintendent that "You're old enough. You could retire" and "I don't want you here. I'd fire you if I could"; the defendant's employees laughing and joking about a new gym attendance requirement placed on the plaintiff, saying "You're really going to get a work-out, so make sure you're dressed appropriate, wear appropriate clothes"; the fact that the plaintiff's hours were initially reduced from full time to part time before any of the stated reasons for termination were raised; and fact that the plaintiff was put on administrative leave seven days after she filed an age discrimination claim, must all be considered with the evidence of the factual disputes the plaintiff has offered questioning the defendant's stated reasons for termination. This evidence, when viewed most favorably to the plaintiff, is sufficient to allow the plaintiff to withstand the defendant's motion for summary judgment and allow the plaintiff to present her case to a jury.

The claim that the plaintiff's hours were reduced because of the lack of referrals is supported by the rather equivocal deposition testimony of Paula Renker, but that evidence is contradicted by the testimony of Jodi Winters, who stated that she was employed full-time to complete the tasks previously assigned to the plaintiff. Pl.'s Br. In Opp'n Summ. J. Ex. 2, Jody Winters Dep. at 6, 11-13 (Nov. 10, 2003). It also is inconsistent with Mr. Moody's request of the plaintiff in September of 2001 to "Bring [him] all the ammunition [she has]. . . .because [the job] should be full-time." Pl.'s Br. In Opp'n Summ. J. Ex. 1, Karen Keesecker Dep. at 83-84, 86-88, 108 (Sept. 10, 2003). The lack of substance in the defendant's proffered reason can raise an inference of pretext. *Hicks*, 509 U.S. at 511.

The defendant's citation in its supplemental objections to *Pasquale v. Allied Waste Servs.*, 2004 WL 2533672 (Mich. App), an unpublished decision of the state intermediate appellate court, and *Mitchell v. Vanderbilt Univ.*, 389 F.3d 177 (6th Cir. 2004), do not change this Court's determination that the plaintiff has met the burden for showing pretext. The manner in which the plaintiff may make out a showing of pretext, as developed in depth in *Hicks* and *Manzer*, is consistent with the holdings in both *Mitchell* and *Pasquale*. The court in *Pasquale* held that the plaintiff's admission of poor performance in that case precluded the plaintiff from demonstrating pretext:

> While plaintiff argues that evidence against him was manufactured because he had not seen it before, plaintiff also concedes that there were areas where his performance was deficient. Plaintiff failed to rebut the reasons given for his termination, and he did not present any evidence that would show that his termination was motivated by discriminatory animus.

-12-

*Pasquale*, 2004 WL 2533672 at *1. The court in *Mitchell* made a factual determination that the plaintiff before it had not made a sufficient showing to overcome his burden, but the primary focus of that case was the want of proof of an adverse employment action by the defendant.

The Court agrees with the magistrate judge's conclusion that the plaintiff offered sufficient evidence of pretext to overcome the defendant's motion for summary judgment. Therefore, the Court will overrule the defendant's objection on this ground.

D.

At oral argument on the motion, the plaintiff raised for the first time additional bases supporting denial of the motion to dismiss. Citing *Ebelt v. County of Ogenaw*, 231 F. Supp. 2d 563 (E.D. Mich. 2002), the plaintiff apparently contended that the plaintiff had a claim under the Equal Protection Clause because the defendant retaliated against her for speaking out and filing a complaint with the EEOC charging discrimination. Plaintiff's counsel also advanced for the first time at the hearing the theory that the plaintiff was constructively discharged. The magistrate judge easily disposed of the latter argument by observing that since the plaintiff was terminated, she could not have resigned or quit, and therefore she could not have been constructively discharged. However, the magistrate judge suggested that the former argument might provide a basis for recovery.

Under Federal Rule of Civil Procedure 15(a), a party may amend at this stage of the proceedings only after obtaining leave of court. Although the Rule provides that "leave of court shall be freely granted when justice so requires," leave may be denied on the basis of undue delay, bad faith by the moving party, repeated failure to cure defects by previously-allowed amendments, futility of the proposed new claim, or undue prejudice to the opposite party. *Forman v. Davis*, 371

U.S. 178, 182 (1962), *Duggins v. Steak & Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999), *Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001). The Rule does not establish a time limit within which a party must file a motion to amend. *See Lloyd v. United Liquors Corp*., 203 F.2d 789, 793 (6th Cir. 1953) (reviewing a district court's denial of a motion to amend after the entry of summary judgment).

Delay alone does not justify denial of a motion brought pursuant to Rule 15(a). *Security Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1009 (6th Cir. 1995). However, the party seeking to amend should "act with due diligence if it wants to take advantage of the Rule's liberality." *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir. 2000). Thus, where "amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade*, 259 F.3d at 459. Failure to plead an available claim in a timely manner deprives an opposing party of "notice that it would have to defend" against the new claim. *Wade*, 259 F.3d at 459. Courts are especially inclined to deny a motion brought under Rule 15 "if the moving party knew the facts on which the claim or defense sought to be added were based at the time the original pleading was filed and there is no excuse for his failure to plead them." 6 Charles Alan Wright et al., Federal Practice and Procedure § 1487 (2d ed. 1990); *see Wade*, 259 F.3d at 459 (finding undue delay where plaintiff knew the facts forming the basis of the amended claims but failed to plead the claims in the original complaint).

Motions to amend brought after discovery is complete and dispositive motions are filed are addressed to the court's discretion, and are granted or denied based on several factors. *Compare*

*Wade*, 259 F.3d at 459 (affirming denial of motion brought after summary judgment) *with Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (reversing denial of request to amend). The factors include considerations of prejudice, the reasons for delay, and the need to conduct additional discovery on the new theory. In this case, the plaintiff has not filed a written motion to amend her complaint, and the parties have not briefed the question of the propriety of allowing an amendment at this stage of the proceedings. The Court is reluctant to entertain a new theory raised for the first time by the plaintiff at oral argument before the magistrate judge without giving the defendant an opportunity to be heard on the issues relating to the timing and viability of the amendment. Therefore, the Court neither rejects nor adopts the magistrate judge's suggestions as to the plaintiff's new theories and leaves the parties to the procedures prescribed by the Federal Rules of Civil Procedure if the plaintiff chooses to persist in advancing these claims.

### III.

After conducting a *de novo* review of the record in light of the parties' objections, the Court is satisfied that the defendant's motion for summary judgment should be denied. The magistrate judge correctly applied the governing precedent and properly determined that disputed facts preclude judgment as a matter of law.

Accordingly, it is **ORDERED** that the plaintiff's objections to the magistrate judge's report and recommendation are **OVERRULED.**

It is further **ORDERED** that the defendant's objections to the magistrate judge's report and recommendation are **OVERRULED.**

It is further **ORDERED** that the magistrate judge's report and recommendation is **ADOPTED IN PART**.

It is further **ORDERED** that defendant's motion for summary judgment [dkt #62] is **DENIED**.

It is further **ORDERED** that the parties appear for a status conference on **Thursday, March 23, 2006 at 3 p.m.** to discuss further case management.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: March 16, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 16, 2006.

s/Tracy A. Jacobs<br>
TRACY A. JACOBS

---